**KEELER BROS. v. SCHOOL DIST. NO. 25 OF GILLIAM COUNTY, OR., et al.**

(District Court, D. Oregon. December 12, 1921.)

No. L-8618.

1. **Banks and banking ⟨⟩145—Bank certifying check entitled to disregard subsequent conditional indorsement.**

Under Or. L. § 7831, providing that, when an indorsement is conditional, a party required to pay may disregard the condition, but one to whom the instrument is negotiated holds it or its proceeds subject to the rights of the person indorsing conditionally, where the drawer of a check procured its certification and thereafter indorsed it conditionally, the bank, having paid the check, was not liable to the drawer, though the condition had not been performed.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Banks and banking ⊜145—Conditional indorsement of check inferred, subsequent to certification, when contrary not alleged.**

Where one drawing a check to its own order, procuring its certification, and subsequently negotiating it under a conditional indorsement, sued to recover its amount from the bank, which had paid it, and the complaint does not allege that the conditional indorsement was prior to the certification, it must be inferred that the indorsement was subsequent to the certification, and that the bank did not become a party to the indorsement.

At Law. Action by Keeler Bros. against School District No. 25 of Gilliam County, Or., and others. On demurrer to the complaint. Demurrer sustained.

McCamant & Thompson, of Portland, Or., for plaintiffs.

Platt, Platt, Montgomery & Fales, of Portland, Or., for defendant United States Nat. Bank.

Jay Bowerman and John W. Kaste, both of Portland, Or., for remaining defendants.

WOLVERTON, District Judge. [1] Keeler Bros., on September 30, 1919, drew its check for .$5,000, payable to itself, on the United States National Bank, procured its certification by the bank, and indorsed it as follows:

"Pay to Gilliam County, S. D., #25, in accordance with our bid for legal bonds, when approved by attorney and attached hereto.

"Keeler Brothers."

The check, so drawn, certified, and indorsed, was delivered to school district No. 25. Later it was indorsed by the school district, and in course of negotiation through two other banks was presented to the United States National for payment, and paid by it to the holder. Keeler Bros. now seek to recover against the bank the amount of the check, although the bank has previously paid it to the holder. Its right so to recover is challenged by the bank.

I take it that the check was indorsed by Keeler Bros. after Keeler Bros. had obtained its certification by the bank. Such would be the natural course that would be pursued in the transaction, and the complaint nowhere declares to the contrary. The question involved depends upon the proper construction of section 7831 of Olson's Oregon Laws, which reads:

"Where an indorsement is conditional, a party required to pay the instrument may disregard the condition, and make payment to the indorsee or his transferee, whether the condition has been fulfilled or not; but any person to whom an instrument so indorsed is negotiated will hold the same, or the proceeds thereof, subject to the rights of the person indorsing conditionally."

There can be no mistaking the plain letter of the statute. The party required to pay may disregard the condition, and make payment to the indorsee. The statute authorizes him to do this. Having been authorized by the statute so to act, does the law merchant, notwithstanding, subject him to a second payment of the obligation at the behest of the drawer?

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Counsel for plaintiff cite authorities under the old law to the effect that—

"The acceptor is bound to take notice of the condition annexed to an indorsement, for when a person accepts a bill after a conditional indorsement, and pays it to an indorsee of this conditional indorsee while the condition of the first indorsement is unfulfilled, he is liable in second payment to the first indorser, being bound to look at the conditional indorsement as a limitation ex facie of the bill, in the title of the party claiming payment." Daniel on Negotiable Instruments (3d Ed.) § 697, p. 622.

Such is the doctrine of the case of Robertson v. Kensington et al., 4 Taunt. 30, 128 Eng. Reports (Reprint) 238. This is apparent from the argument of counsel for plaintiff, which was, in effect, that defendants, by subsequently accepting the bill, that is, after the indorsement had been made, had become parties to the conditional transfer, and, as the condition had never been performed, the transfer had been defeated, and they became liable.

[2] Such is not the present case. The indorsement here was made, as we must infer from a fair construction of the complaint, after the certification, and the bank in no way became a party to the indorsement. There seems to be a dearth of authority on the particular question here presented, perhaps because the statute is so plain that there has been no occasion for its judicial interpretation.

It is suggested by counsel for the bank that the word "may" is susceptible of being construed as "shall," or "must"; but that question does not arise here, for it is sufficient that the law permits the bank to make such payment. That is reason enough to protect the bank against a second payment to the drawer of the check.

Demurrer sustained.